KIRBY *v.* PARAGOULD.

Opinion delivered May 21, 1923.

1. MUNICIPAL CORPORATIONS—POWER TO LICENSE SODA FOUNTAINS.—
   A city ordinance imposing an annual license tax on persons run-
   ning soda fountains is within the powers of a city of the second
   class.

2. MUNICIPAL CORPORATIONS—LICENSE OF SODA FOUNTAINS—AMOUNT.
   —An ordinance imposing an annual license tax of $30 on the op-
   eration of a soda fountain in a city of 6,000 inhabitants will not
   be declared void where the license is not disproportionate to
   the probable cost of its enforcement and the regulation of the
   business to which it applies.

Appeal from Greene Circuit Court, Second Division;
*J. Marion Futrell,* Judge; affirmed.

*M. P. Huddleston,* for appellant.

The tax or license for operating a soda fountain was
so large in proportion to the probable expense of super-
vision of the business as to show that it was imposed for
the purpose of raising revenue, and beyond the power
of the city to exact. *Fort Smith* v. *Ayers,* 43 Ark. 82.
The court erred in giving instructions numbered 1 and 2.
There is no occupation tax in the city of Paragould, and
this tax creates an unjust discrimination against the oc-
cupation of appellants. The cause should be reversed
and dismissed.

*Jeff Bratton,* for appellee.

Appellants did not except to any instructions given
and can not complain now that they are erroneous. The
business of appellants is one affecting the public health
and welfare, and is within the police power of the State
and its municipalities to regulate. *Dreyfus* v. *Boone,* 88
Ark. 353; §§ 5155-5156 Crawford & Moses' Digest, and
also § 7618; *Davis* v. *Hot Springs,* 217 S. W. 771. The
case of *Fort Smith* v. *Ayers,* 43 Ark. 82, is not an au-
thority to this controversy. The case should be affirmed.

HART, J. Elton Kirby, George Lackey, O. O. Fisher,
Guy Westbrook and Bradley Scott were each fined in
the police court of the city of Paragould upon the charge

of running a soda fountain without having paid the license fee required by the city ordinance, and, upon appeal to the circuit court, the cases were consolidated. Upon a trial before a jury each defendant was fined in the sum of $30, and from the judgment of conviction an appeal has been duly prosecuted to this court.

No objections were made or exceptions saved to the instructions of the court, and the only issue raised by the appeal is whether or not the evidence is legally sufficient to support the verdict.

The city ordinance required each keeper or proprietor of a soda fountain to pay an annual license fee of $30. The vocation of selling soda water and soft drinks is a proper subject of police regulation, because it affects the public health and welfare generally. It is a matter of common knowledge that impure milk and uncleanliness generally, if permitted at public drinking fountains, would be a fruitful source of disease, and it needs no discussion to show that the business is one which particularly falls within the power of the State and its municipalities to regulate, upon the same principle as a meat market or restaurant. *Trigg* v. *Dixon*, 96 Ark. 199, and *Fort Smith* v. *Gunter*, 106 Ark. 371.

But it is insisted that the amount of the license required was unnecessary for the purpose of regulation, and is therefore arbitrary. It is true that the defendants testified that but little attention was paid to their places of business by the city health officer; but that is not the controlling test. In the exercise of the police power for the purpose of regulation, the city council has the right to consider what may have to be done by the city health officer and the police department in the way of regulation; and the authority of a municipality in fixing the amount of the license will not be reviewed by the courts unless there is an abuse of its discretion. It must fix such a charge for a license as will bear some reasonable relation to the necessary expense involved in the regulation. This, however, will include the cost of issuing the

license and a reasonable sum for the expense of supervision. Paragould is a city of the first class, with over 6,000 inhabitants. Dr. F. N. Scott was the city health officer, at a salary of $25 per month. It was a part of his duty to inspect the places where soft drinks were sold in the city of Paragould and to keep general supervision over them, to the end that the milk and other articles sold therefrom should be kept free from impurities and thus prevent the spread of disease to those drinking at such fountains.

An ordinance will not be declared void where the license provided is not disproportionate to the probable cost of its enforcement and the regulation of the business to which the ordinance applies. Considering the nature of the business, the amount of time and expense required for a proper supervision of it, and the benefit to the health of the inhabitans of the city, it cannot be said that the license fee required in this case is arbitrary or unreasonable.

It follows that the judgment in each case will be affirmed.