BLYTHEVILLE *v.* WEBB.

Opinion delivered February 7, 1927.

LICENSES—DEALER IN OILS AND GASOLINE.—Under a city ordinance imposing a license tax on dealers engaged in selling oils and gasoline within the city, a wholesale dealer in oils and gasoline who maintains his office and storage tanks without the city but drives his trucks into the city and then sells and delivers oils and gasoline, is liable for the tax.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. W. Bandy,* Judge; reversed.

*Ivy W. Crawford,* for appellant.

KIRBY, J. This appeal is prosecuted by the city of Blytheville on judgment of the circuit court reversing the judgment of the police court of that city, convicting appellee for a violation of an ordinance prohibiting the engaging in the oil and gas business without a city license. The case was submitted to the circuit court on agreed statement of facts, the jury being waived, and the court found the appellee not guilty.

The appellee is an oil and gas dealer, a wholesale distributor thereof, with office and storage tanks just outside the corporate limits of the city of Blytheville. Pursuant to an ordinance of the city prohibiting stationary surface containers or tanks for gasoline and other petroleum products in greater quantities than fifty gallons to be erected or maintained within the fire limits or 150 feet of any dwelling, the appellee moved his tanks and office outside the corporate limits. Before the passing of this ordinance his office and storage tanks were within the city limits, and he paid the city license fee of $100 assessed by ordinance No. 243 for engaging in the oil and gas business.

"The facts are that appellee Webb sells and delivers oil and gas, in wholesale, to retail filling stations in the city of Blytheville, in the same manner as prior to the removal of his office and storage tanks from within the city; that he had been regularly engaged in the sale and delivery of oil and gas to retail filling stations in the city of Blytheville during the first half of the year 1926; that the method of making the sale and delivery of oil and gas is for the appellee to fill his tank trucks at his storage tanks, located less than a mile outside the city limits, and drive into the city of Blytheville, and from one retail filling station to another, asking the owners thereof the quantity of oil and gas desired, and then and there delivering the quantity of oil and gas desired; the retail dealers usually paying cash therefor."

The retail filling stations or customers pay a privilege tax, and are not connected with the business of appellee. He collects the State tax fixed on the oil and gas, remits to the proper authorities, and pays no occupation or privilege tax to any State, county or municipality, and paid no license tax for selling oil and gas for the year 1926 or any part thereof. Ordinance No. 243 provides:

"Section 1. It shall be unlawful for any person, firm or corporation in the city of Blytheville to engage in, exercise or pursue any of the following lines of

business without first having obtained and paid for a city license therefor from the city collector, the amount of which licenses are hereby fixed in this ordinance.

"Section 3. The licenses as provided in this ordinance are hereby fixed, defined and established under the several items as follows, to-wit:

"Item 80. Oils, lubricating, gasoline, fuel, illuminating, naphtha and grease, $100 per annum.

"Section 6. All licenses provided for under this ordinance shall be issued by the city collector for a six-months period, such licenses shall be paid in full in advance, and shall be due and payable on January 1 and July 1 of each year, respectively.

"Section 7. Any person, firm or corporation violating any provision of this ordinance shall be deemed guilty of a misdemeanor, and, upon conviction in the police court, shall be fined in any sum not less than five dollars nor more than fifty dollars, and each day said violation shall continue shall be a separate offense."

Appellant contends that appellee was doing business in the city of Blytheville without having paid the license for that privilege, in violation of said ordinance. There can be no question but that the method of selling, by his filling tank trucks at his storage tanks a mile outside the city limits, and driving them into the city of Blytheville, and from one retail filling station to another, and there making the sale and delivery of the quantity of oil or gas desired by the purchaser, and usually collecting the price thereof, constituted engaging in or doing business within the city of Blytheville. *Clark* v. *Watkins Medical Co.,* 115 Ark. 166; *Miellmier* v. *Toledo Scales Co.,* 128 Ark. 211; *Wagner* v. *City of Covington,* 251 U. S. 95, 64 L. ed. 157.

Although it is true that appellee did not keep his office and storage tanks in the city of Blytheville, he did engage in, exercise or pursue one of the lines of business prohibited being pursued by said ordinance, without payment of the city license. The purpose of the ordinance, and a fair construction of its terms, shows it was the

intention to prohibit the engaging in, pursuing or exercising the line of business within the city limits without payment of license, rather than that only firms or corporations who live or reside within the city should be required to procure license. He was "in the city of Blytheville," too, within the meaning of that clause of said ordinance, if it could be held to have a meaning other or different from the construction already expressed, when he brought his products and merchandise in supply tanks to the door of the retail stations, made his contracts of sale, and delivered his products there, as much so as though his supply tanks had been loaded from storage tanks within the city and driven to the place of sale.

It follows that the judgment of the circuit court was erroneous, and the same is reversed, and the cause is remanded for a new trial.