## NEWPORT *v.* YOUNG.

### Opinion delivered April 25, 1927.

1. LICENSES—FEE FOR RESTAURANTS.—A license fee of $50 for each restaurant or wiener stand in a city of the second class with a population of 4,000 *held* not unreasonable as matter of law.

2. LICENSES—REGULATION OF BUSINESS.—A city may impose a license fee on a business sufficiently large to cover the expense of issuing the license and to pay the expenses incurred in enforcing such police and sanitary inspections as may be required.

3. LICENSES—REGULATION OF BUSINESS.—An ordinance imposing a license fee of $50 per annum on restaurants and wiener stands is not invalid because the officers made no inspection of such places, and the money collected was used for another purpose.

4. LICENSES—VALIDITY OF FEE OF RESTAURANTS AND WIENER STANDS. —That two defendants operating wiener stands did not do nearly as much business as the two defendants operating restaurants *held* not to make arbitrary and discriminatory an order which imposed an annual license fee of $50 on both wiener stands and restaurants.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; reversed.

### STATEMENT OF FACTS.

William Ruffner, W. L. French, Joe Cullins and W. C. Young were each fined $25 in the mayor's court in the city of Newport for violating an ordinance licensing certain occupations. A great many occupations are enumerated in the ordinance, and the license fee for each restaurant or hamburger or wiener stand is $50 per annum. The defendants appealed to the circuit court, and the cases were consolidated and tried before the circuit court sitting as a jury. The ordinance was introduced in evidence.

The mayor of the city was also a witness. According to his testimony, a great many complaints of disorderly conduct were made about the restaurants. People frequently gathered there at night and were guilty of disorderly conduct. The demands of those running the restaurants for protection against disorderly persons were so numerous that the council passed the ordinance in ques-

tion so that additional policemen might be employed at night.

According to the testimony of the city health officer, it was necessary for him to look closely after restaurants and wiener stands where meats, milk and other foods and drinks were prepared and served in order to see that they were kept in a sanitary condition. It would require one man's time to do this, and his services would be worth $250 per month.

According to the evidence for the defendants, no inspection or regulation was made of their places of business by either the police or the health department of the city of Newport, and no such regulation as testified to by the city was needed. They operated their places so as to keep them in a sanitary condition, and no disorder ever occurred there from their patrons or other persons who congregated there.

The circuit court found that Newport was a city of the second class, with a population of 4,000, and that a license fee of $50 was beyond the reasonable expense of issuing the license and regulating the business. Therefore the circuit court held that $50 was excessive as a fee for regulating the business, and was an unreasonable exercise of the police power. From the judgment rendered the city of Newport has duly prosecuted an appeal to this court.

*John H. Caldwell,* for appellant.

*Gustave Jones,* for appellee.

HART, C. J., (after stating the facts). We do not think the license fee of $50 for each restaurant or wiener stand is so large and so out of proportion to any lawful purpose to which it could be applied in the use of the police power that it must be declared, as a matter of law, unreasonable and illegal. In *Fort Smith* v. *Gunter,* 106 Ark. 371, 154 S. W. 181, it was held that a charge by the city of $25 per year, $15 for six months and $3 for one month as a license fee on restaurants, was not an unreasonable charge. In the very nature of things there might be a necessity for closer inspection and regulation in one

city than in another. Conditions vary greatly in different localities, and the city council is the judge of each case. The amount the city council has a right to demand for a license fee depends upon the extent and expense of supervision made necessary by the business in the city or town where it is licensed. A fee sufficient to cover the expenses of issuing the license and to pay the expenses which may be incurred in the enforcement of such police and sanitary inspections as may be lawfully exercised over the business may be required. The amount necessary to meet all expenses cannot in all cases be ascertained in advance, and expenses reasonably anticipated may be included. In fixing the fee the city may take notice of local conditions and the extent and character of police regulation required. *Fayetteville* v. *Carter*, 52 Ark. 301, 12 S. W. 573, 6 L. R. A. 509; *Texarkana* v. *Hudgins Produce Co.*, 112 Ark. 17, 164 S. W. 736, 51 L. R. A. N. S. 1035; *Kirby* v. *Paragould*, 159 Ark. 29, 251 S. W. 374; *North Little Rock* v. *Kirk*, ante p. 554. When the testimony introduced by the city as to the requirements necessary for police and sanitary inspection of restaurants is considered, it cannot be said as a matter of law that a license fee of $50 is unreasonable and therefore illegal.

It is next contended that the ordinance was invalid because the evidence for the defendants shows that no police inspection of their places of business was made. Under the authorities cited the city council was the judge of whether local conditions required police and sanitary inspections. Whether or not the officers discharged their duty can be of no avail in declaring the ordinance valid or invalid. Neither can the fact that the money collected was used for another purpose be considered by us in testing the validity of the ordinance. There is a way of compelling officers to discharge their duties and to expend the city funds for the purpose for which they were collected, and the fact that they did not do so, if such be the fact, can in no manner affect the validity of an ordinance of this kind.

It is next insisted that the ordinance is arbitrary and discriminatory because two of the defendants were operating wiener stands and that they did not do nearly as much business as the other two defendants who were operating restaurants. This is a matter which we cannot consider. It may be that the situation and local conditions required more expense in regulating wiener stands than in regulating restaurants. This might be due from the character of the people frequenting the different places. In any event this was a matter addressed to the city council, and cannot be considered by the courts as affecting the validity of licensing ordinances.

The result of our views is that the court erred in declaring the ordinance on its face to be a revenue measure and therefore void. The judgment will be reversed, and the cause remanded for further proceedings according to law and not inconsistent with this opinion.