## Bragg *v.* Adams.

### Opinion delivered December 2, 1929.

Berry, Berry & Berry, for appellants.

R. V. Wheeler, for appellees.

Butler, J. The appellees, plaintiffs, residents of the incorporated town of West Memphis, brought suit in the chancery court to enjoin the mayor and marshal from collecting a license on their hotel buildings, under the provisions of an ordinance passed some time previous to the filing of their complaint, on the ground that the ordinance was void because its purpose was to raise

revenue, and because the town had no authority to pass an ordinance licensing hotels.

The appellants, defendants, defended on the ground that the ordinance was not a revenue measure, and that it was a valid exercise of the police power of the town. There was a decree perpetually enjoining the appellants from enforcing or attempting to enforce the provisions of the ordinance, from which this appeal is prosecuted, the appellants relying for the authority to pass the ordinance on the general grant of police powers to municipal corporations, now found at §§ 7974 and 7529 of Crawford & Moses' Digest.

The appellees contend, for an affirmance of the decree, that the ordinance which was exhibited with their complaint in the court below showed on its face that it was a measure for raising revenue, and further, that there was no authority given to municipal corporations to regulate hotels, but that such authority was taken away from municipal corporations and invested in the State Board of Health by the provisions of act No. 210 of the Acts of the General Assembly of 1917, creating a Bureau of Sanitation. The appellants contend that the language of § 7529, *supra,* gave the right to regulate hotels and other places of entertainment, and implies the power of restraining and regulating as to the manner of conducting that particular business, and also as to the building or erection in or upon which the business is to be conducted, and that this right is further given by § 7494 of C. & M. Digest. These two sections are as follows:

"Section 7529. They (municipal corporations) shall have the power to prevent injury or annoyance within the limits of the corporation from anything dangerous, offensive or unhealthy, * * * to establish and regulate markets, * * * to prevent any riots, noise, disturbance, or disorderly assemblages, * * * and to regulate or suppress bawdy or disorderly houses, houses of ill-fame or assignation."

Section 7494. "It is made the duty of the municipal corporation to publish such by-laws and ordinances as

shall be necessary to secure such corporations and their inhabitants against injuries by fire, etc., * * *; for the suppression of riots, and gambling, and indecent and disorderly conduct; for the punishment of all lewd and lascivious behavior in the streets and other public places; and they shall have power to make and publish such bylaws and ordinances, not inconsistent with the laws of this State, as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of such corporations and the inhabitants thereof.''

The appellants say that the purpose of § 5454 of Kirby's Digest, in which the right to regulate hotels and places of entertainment was given, meant something more than a provision authorizing an inspection to see that the place was run in an orderly manner. Section 5454 Kirby's Digest is as follows:

''Section 5454. They shall have power to license, regulate or prohibit all theatrical exhibitions and public shows, and all exhibitions of whatever name or nature. Provided, lectures on science, historical or literary subjects shall not be included within the provisions of this section; to regulate or prohibit the sale of all horses or other domestic animals at auction in the streets, alleys or highways; to regulate all carts, wagons, drays, hackney coaches, omnibuses and ferries, and every description of carriages which may be kept for hire, and all livery stables; to regulate hotels and other houses for public entertainment, and to regulate or to prohibit ale and porter shops or houses, and public places of habitual resort for tippling and intemperance, and to declare what are such.''

These various sections were all parts of an act of the General Assembly, approved March 9, 1875, entitled, ''An act for the incorporation, organization and government of municipal corporations.'' Section 7529 of Crawford & Moses' Digest was § 12, § 7494, Crawford & Moses' Digest, was § 22, and § 5454, Kirby's Digest, was § 17 of that act. Section 22 (§ 7494, C. & M.)

provided for the enactment of ordinances to carry into effect the powers conferred by the provisions of the act, and did not enlarge the powers conferred by the special provisions of § 12 (§ 7529, C. & M.), *Tuck* v. *Town of Waldron,* 31 Ark. 462, or of § 17 (§ 5454, Kirby's Digest), so that the power of municipal corporations to regulate hotels must be found in the provisions of § 12 and § 17, *supra.* By § 17, which gave municipal corporations the power to regulate hotels and other houses of public entertainment, the Legislature clearly recognized the fact that such power had not been given by § 12, *ante;* by § 12 it was only those occupations or conduct that were "dangerous, offensive or unhealthy, to establish and regulate markets, * * * to prevent any riots, noise, disturbances or disorderly assemblages; * * * and to regulate or suppress bawdy or disorderly houses, houses of ill-fame or assignation," that were included within the general powers of municipal corporations to regulate or suppress; and, as by § 17 the Legislature gave municipal corporations the power to regulate hotels, it is clear that such did not come within the meaning or intention of the language used in § 12.

The appellants contend, however, that the case of *Carpenter* v. *Little Rock,* 101 Ark. 238, 142 S. W. 162, is authority for the contention that the ordinance in the case at bar comes within the scope and is authorized by §§ 7529 and 7494 of C. & M. Digest. In that case the court decided that an act of the General Assembly making it unlawful for any city council to impose a license or to hinder or interfere in any manner with those selling products of the farm, including meats from domestic animals and live stock, did not prohibit the city of Little Rock, a city of the first class, from providing by ordinance for the proper inspection of milk and meats before they were sold, nor for a reasonable fee to be exacted to cover cost of inspection; that the act of the Legislature then under consideration did not cover the whole subject of powers of cities to prevent and regulate the carrying on of any trade of a tendency dangerous to morals, health or safety

of its inhabitants, and held that, by § 5461 of Kirby's Digest (§ 7494, C. & M.), the city had the right to enact an ordinance for the preservation of the health of its citizens under subdivision 4 of § 5648 of Kirby's Digest (§ 7684, C. & M. Dig.), which provided that cities of the first and second class might "prevent or regulate the carrying on of any trade, business or vocation of a tendency dangerous to morals, health or safety," and that the inspection of milk and meat might well be said to be necessary for the public health, in that by that means the community was secured pure and wholesome food. As cities of the first class have enlarged powers over incorporated towns given by § 7684, C. & M. Digest, and as the case of *Carpenter* v. *Little Rock, supra,* was controlled by that provision of law, its decision can have no application to the case at bar.

We think the cases of *Trigg* v. *Dixon,* 96 Ark. 199, 131 S. W. 695, Ann. Cas. 1912B, 509; *Fort Smith* v. *Gunter,* 106 Ark. 371, 154 S. W. 181; and *Kirby* v. *Paragould,* 159 Ark. 29, 251 S. W. 374, cited by the appellants, have no application to the issues presented in the instant case. In *Trigg* v. *Dixon* the right to license butchers was upheld under the grant by the Legislature to towns "to establish and regulate markets;" in the case of *Fort Smith* v. *Gunter* the authority upheld by the court for the city to regulate restaurants was shown to exist under § 5454 of Kirby's Digest; and in *Kirby* v. *Paragould,* an ordinance licensing soda fountains was held to be within the power of cities of the first class, which power is given under subdivision 4 of § 7684 of Crawford & Moses' Digest. It is clear that the authority of the incorporated town of West Memphis to license hotels, and to regulate same was not conferred by § 7529 or 7494 of Crawford & Moses' Digest, commonly called the general welfare statute, and that it did not have authority to pass the ordinance regulating hotels. That right was given to incorporated towns by § 17 of the act approved March 9, 1875 (§ 5454, Kirby's Digest), but that provision was repealed by the General

Assembly in 1917 by act No. 376, by which § 5454, Kirby's Digest was amended by reenacting the same as follows:

"Section 1. That § 5454 of Kirby's Digest be amended to read as follows: 'Section 5454. They shall have power to license, regulate or prohibit all theatrical exhibitions and public shows, and all exhibitions of whatever name or nature. Provided, lectures on science, historical or literary subjects shall not be included within the provisions of this section; to regulate or prohibit the sale of all horses, * * * and every description of carriages which may be kept for hire, and all livery stables; provided, further, that all municipalities shall have power to define, license, regulate or tax transient and itinerant vendors or transient dealers in merchandise or transient dealers in horses and mules, but no one who conducts the same business in the same municipalities for six consecutive months shall be classed as a transient. Section 2. All laws and parts of laws in conflict with this act are hereby repealed," etc.

It will be seen that by the act as amended the authority to regulate hotels was divested from municipal corporations. This is made more apparent by the Legislature at the same session by act 210, providing that the hotels should come within the jurisdiction of the State Board of Health, that they should be licensed by the State, and conducted under such rules and regulations as the State Board of Health might from time to time promulgate.

Since we have concluded that the ordinance is invalid in so far as it undertakes to license or regulate hotels, it is unnecessary for us to discuss or pass upon the question first raised by the appellees, i. e., that an inspection of the entire ordinance would show that it was adopted for the purpose of raising revenue.

It is our opinion that the decree of the chancery court was in all things correct, and it is therefore affirmed.