SHIPLEY BAKING COMPANY *v.* HARTFORD.

Opinion delivered October 27, 1930.

504

W. L. *Curtis*, for appellant.

*John W. Goolsby*, for appellee.

HART, C. J., (after stating the facts). The decree of the chancery court was erroneous. This case is ruled by the decision in *Phillips* v. *City of Siloam Springs, ante* p. 137. In that case the court held that under Crawford & Moses' Digest, § 5125, *et seq.*, the power is conferred on the State Board of Health to require inspection of bakeries and to regulate the sale of their products, and that it was not within the power of a city to enact an ordinance exacting an inspection fee for products of a bakery located in another city which had complied with all the rules and regulations of the State Board of Health and city board of health of the city in which the bakery was located, and manufactured and shipped its products under the supervision of such State and city boards of health. The court said in effect that the statute giving the power of regulation in the sale of foods and drinks was paramount, and that it is elementary law that a municipal ordinance, in so far as it conflicts with the statute, is invalid. The reason is that the statute of the State operates within the limits of the municipal corporation the same as it does elsewhere, and that local laws and regulations are at all times subject to the paramount

authority of the Legislature. Hence, ordinances of cities and towns inconsistent with statutes on the same subject must be held of no effect unless they are authorized by an express legislative grant. As applying this principle according to the facts of the particular case, we cite the following: *Carpenter* .v. *Little Rock,* 101 Ark. 238, 142 S. W. 162; *State* v. *Haynes,* 175 Ark. 645, 300 S. W. 380; *Duncan* v. *Jonesboro,* 175 Ark. 650, 1 S. W. (2d) 58; and *Bragg* v. *Adams,* 180 Ark. 582, 21 S. W. (2d) 950. Therefore, the decree will be reversed, and the cause will be remanded, with directions to the chancery court to grant the prayer of the complaint of the plaintiffs.