WALKER, MAYOR *v.* PIERCE.

4-4370

Opinion delivered May 25, 1936.

*James H. Johnston* and *Ira J. Mack,* for appellants.
*Fred M. Pickens,* for appellee.

McHANEY, J.   On March 16, 1935, act No. 108, page 258, Acts of 1935, known as the "Arkansas Alcoholic Control Act," was approved and became a law. Thereafter, on March 25, 1935, the city council of the city of Newport, a city of the second class, adopted ordinance No. 370, which amended ordinance No. 320 of said city, which latter is the general occupation tax ordinance of said city levying an occupation tax upon certain trades, callings, businesses and professions carried on therein, by levying an occupation tax on wholesale liquor dealers of $350 per annum and on retail liquor dealers of $200 per annum. Thereafter, on December 30, 1935, the city council adopted ordinance No. 373, amending ordinance No. 370 by raising the occupation tax on wholesale liquor dealers from $350 per annum to $3,500 per annum, and on retail liquor dealers from $200 per annum to $2,000 per annum.

Appellee is a retail liquor dealer in the city of Newport and brought this action to enjoin appellants, who are the mayor, marshal and treasurer of said city, from

enforcing the provisions of both of said ordinances No. 370 and 373 on the ground, among others, that said ordinances are void because contrary to the statutes of this State, and particularly in violation of said act No. 108, above referred to; and further, that ordinance No. 373, fixing a tax upon his business as a retail liquor dealer in the sum of $2,000 per annum is unreasonable, unjust, inequitable, confiscatory and discriminatory. On a trial the court found in favor of appellee on both grounds and permanently enjoined the enforcement of both ordinances. This appeal followed.

We find it unnecessary to discuss both grounds, for we are of the opinion that city or town councils have no power under the Alcoholic Control Act to levy an occupation tax on the business of selling liquor either at wholesale or at retail. Subsection (a) of § 1, Art. 3, of said act authorizes and empowers the Commissioner of Revenues to determine the number of permits for the sale of liquor to be granted in each county or within the corporate limits of any municipality of this State, to determine the location thereof and the person or persons to whom they shall be issued, having due regard to the ordinances and regulations of the municipalities of this State. Subsection (b) of § 1, Art. 3, reads as follows: "Nothing in this act shall be construed to prevent municipal corporations of cities of the first class, through their legislative bodies, from licensing the manufacture and sale of vinous, (except wines) spirituous or malt liquors by the permittees so authorized by the Commissioner of Revenues, provided that the municipal license fee shall not exceed an amount equal to one-half of the license fee collected by the Commissioner of Revenues for the State of Arkansas. Nothing in this act shall be construed to prevent the county court from licensing the sale and manufacture of vinous, (except wines) spirituous or malt liquors by the permittees so authorized by the Commissioner of Revenues, provided that the premises permitted are located outside of the corporate limits of a city of the first class but within the county in which the said county court is located; and provided that the license fee collected by said county court shall not exceed the amount

equal to one-half of the license fee collected by the Commissioner of Revenues for the State of Arkansas. No county license fee shall be collected from any permittee where the premises permitted are located within the corporate limits of a city of the first class. No permittee shall be required to pay both a city and a county license fee for the same premises permitted by the Commissioner of Revenues. Nothing in this act shall be construed to prevent the prohibition of the manufacture and sale under the provisions of this act, in whole or in part, by means of local option elections as authorized by the provisions of this act.''

As we understand this language, it authorizes cities of the first class to license the manufacture and sale of liquors by the permittees who have also been so authorized by the Commissioner of Revenues, and limits the amount of the license fee to be collected by the city to an amount not to exceed one-half the license fee collected by the Commissioner of Revenues. Also that the county court may license permittees so authorized by the Commissioner whose premises are located outside the corporate limits of a city of the first class, but within the county of the licensing court and the county is likewise limited to a license fee not to exceed one-half the license fee collected by the Commissioner. The county court cannot license or collect any fee from a liquor dealer in a city of the first class, but, in all municipalities of a lower grade than a city of the first class, the county court may license and collect a license fee as above stated. Again quoting: ''No permittee shall be required to pay both a city and county license fee for the same premises permitted by the Commissioner of Revenues.''

The city of Newport is apparently endeavoring to evade the plain provisions of this statute by the passage of said ordinances and calling the tax to be collected an occupation tax instead of a license fee. The act above referred to confers no such authority. Cities of the second class and incorporated towns are not given any authority in said act to collect any kind of tax on liquor dealers, and cities of the first class are limited to a license tax not to exceed one-half the amount collected

by the Commissioner. Appellants seek to uphold the ordinances on the ground that the tax levied thereby is an occupation tax and not a license tax; that they are mere amendments to ordinance No. 320 which was passed by the city under the authority of act 94 of the Acts of 1919, which is digested as §§ 7618 to 7623, inclusive, Crawford & Moses' Digest; and that the constitutionality of occupation tax ordinances was sustained by this court in *Davies* v. *Hot Springs,* 141 Ark. 521, 217 S. W. 769. It was there held that the act of 1919, authorizing cities to tax occupations, authorizes the imposition of a tax and not merely a license fee for purposes of regulation, and that "while the State may not impose a license fee for purposes of regulation on a lawful business which needs no regulation, the power to tax even lawful occupations has no such restriction upon it." Headnote No. 8. This case has been followed consistently since, the most recent case being *City of Helena* v. *Russwurm,* 190 Ark. 601, 79 S. W. (2d) 993. When the act of 1919 authorizing municipalities to levy occupation taxes was passed, the liquor business was prohibited by law. The Alcoholic Control Act of 1935 legalizes such business and states the terms and conditions upon which persons seeking to engage in that business may do so. It is state-wide in its scope and it is elementary that the statute giving the power of regulation to the Commissioner of Revenues or to the State necessarily excludes the powers of cities and counties not therein granted, and a municipal ordinance in conflict therewith is invalid. "The reason is," as stated by the late Chief Justice HART in *Shipley Baking Company* v. *City of Hartford,* 182 Ark. 503, 31 S. W. (2d) 944, "that the statute of the State operates within the limits of the municipal corporation the same as it does elsewhere, and that local laws and regulations are at all times subject to the paramount authority of the Legislature. Hence ordinances of cities and towns inconsistent with statutes on the same subject must be held of no effect unless they are authorized by an express legislative grant." *Carpenter* v. *Little Rock,* 101 Ark. 238, 142 S. W. 162; *State* v. *Haynes,* 175 Ark. 645, 300 S. W. 380;

*Duncan* v. *Jonesboro,* 175 Ark. 650, 1 S. W. (2d) 58; and *Bragg* v. *Adams,* 180 Ark. 582, 21 S. W. (2d) 950.

Some reliance is placed by appellants on *Texarkana* v. *James & Mayo Realty Company,* 187 Ark. 764, 62 S. W. (2d) 42. All that was decided in that case is stated in a headnote as follows: "Under Crawford & Moses' Digest, § 7618, authorizing cities to impose an occupation tax on persons engaged in business therein, a city ordinance imposing a broker's tax on persons engaged in buying and selling real estate therein is valid though they did not maintain an office in such city, but only in another State." In that case, as stated by the court: "The appellee's sole defense in this case is that they have no offices or places of business in the city of Texarkana, Arkansas, and are not subject to any occupation tax attempted to be imposed upon them by the city of Texarkana, Arkansas, for engaging in the real estate business therein."

Appellants also insist that there is nothing in the Alcoholic Control Act which directly or impliedly repeals the statute authorizing the imposition by cities of an occupation tax on the business of retail liquor dealers. A sufficient answer to this is that when the occupation tax statute was enacted there were no retail liquor dealers, and there can be none now except in compliance with law legalizing such business, and, since the act legalizing them prescribes the terms and conditions upon which they may engage in such business and provides who may levy and collect a tax upon them, leaving out cities of the second class and other municipalities of a lower grade, they may not, under the guise of an occupation tax, levy and collect any license fee or other taxes not authorized therein.

The decree of the chancery court is correct, and must be affirmed.

JOHNSON, C. J., and HUMPHREYS, J., dissent.