The Honorable W.D. Moore, Jr. State Senator 1112 Green Street El Dorado, AR 71730
Dear Senator Moore:
This is in response to your request for an opinion on the following question:
 If a city policeman living outside the city limits makes an arrest or takes any other action in performing his duties as a city policeman, could his actions be declared null and void because he lives outside the city limits even though he was duly employed by the city council?
Your letter states that, in this particular situation, a city ordinance requires that one of the qualifications of a city policeman is that he be a resident of the city.
While I am not certain of the exact nature of your question, I assume your intent is to focus on whether, assuming the officer's actions or arrest is otherwise valid, the city ordinance may invalidate his arrest authority as a consequence of violation of the ordinance. It is my opinion that the answer to this question is "no." While the officer who lives outside the city may be penalized for violation of the local ordinance, it is my opinion that the potential penalty for this violation would not include invalidation of the officer's arrest authority.
With regard to this issue, A.C.A. § 14-52-101—109 (1987 Cum. Supp. 1991) authorize cities and incorporated towns to establish police departments. Sections 14-51-301 and -302 require the governing bodies of the municipalities to adopt rules and regulations for municipal police department employees. Subsection (c) of 14-51-301 states that the civil service commission shall adopt rules and regulations to enforce the statutes pertaining to municipal police departments. The potential penalties for violation of the statute are set out specifically at § 14-51-308
(Cum. Supp. 1991). The penalties include disciplinary action against the officer such as suspension, discharge, or reduction in rank or compensation.
The legislature has thus, in plain and ordinary words, expressly limited those possible disciplinary actions which may be taken against officers for violation of the statute or the regulations which enforce the statute. It then directed the governing bodies of municipalities to adopt such rules and regulations not inconsistent with the act. The rules as to civil service employees are subject to the restrictions imposed by the legislature. City of North Little Rock v. Montgomery,261 Ark. 16, 546 S.W.2d 154 (1977). Arrest authority is granted to municipal police officers by the legislature through state statute. See A.C.A. §§ 16-81-106 (Cum. Supp. 1991) and14-52-203 (1987). As these powers are specifically granted by the legislature, for a city ordinance to, in effect, divest an officer of these powers would, in my opinion, go beyond the city's permissible bounds of authority. See generally Ark. Const. art. 12, § 4; City of Piggott v. Eblen, 236 Ark. 395,366 S.W.2d 192 (1963); Shipley Baking Co. v. City of Hartford,182 Ark. 503, 31 S.W.2d 944 (1930).
In sum, A.C.A. §§ 14-51-301, -302, and -308 set restrictions on the possible penalties for violations by municipal police officers of the implementing regulations. Noticeably absent from the list of potential penalties is the invalidation of an officer's arrest authority. While certain personnel action against an officer who violates a city ordinance is clearly authorized, it is my opinion that an officer's failure to meet a city-specified residency requirement would not result in the invalidation of his arrest authority.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh