The Honorable Steven B. Jones State Representative P.O. Box 3040 West Memphis, AR 72303-3040
Dear Representative Jones:
I am writing in response to your request for an opinion regarding A.C.A. § 26-77-102, which authorizes municipal licensing or taxation of businesses. Your specific question is as follows:
 I need to know if this statute exempts businesses from having to purchase a license in every town where they conduct business.
RESPONSE
Although your question is somewhat unclear as worded, I assume it is prompted by the following language in A.C.A. § 26-77-102:
 No person, firm, individual, or corporation shall pay a license fee or tax mentioned in this chapter in more than one (1) city in this state unless such person, firm, individual, or corporation maintains a place of business in more than one (1) city.
A.C.A. § 26-77-102(b) (Repl. 1997).[1]
This provision would seem to require a "place of business" in the town in order for a business to be subject to a town's occupation tax or license fee. With regard to your question, therefore, this provision might be viewed as an exemption in the sense that it would limit the application of a town's license fee or occupation tax to those businesses that maintain places of business in the town.
While the literal language of the statute would appear to support this conclusion, the few cases addressing A.C.A. § 26-77-102 suggest the opposite. Although there are no recent cases on point, in two cases from the 1930's the Arkansas Supreme Court ruled that pursuant to §26-77-102, a city may tax a business located outside city limits so long as it conducts business within city limits. See Texarkana v. James Mayo Realty Co., 187 Ark. 764, 62 S.W.2d 42 (1933) (occupation tax applied to realtor who bought and sold realty within city); Blythevillev. Webb, 172 Ark. 874, 290 S.W. 589 (1927) (license tax applied to wholesale dealer who delivered and sold oil and gas within city).
In James Mayo Realty Co., the real estate dealers argued that they had no offices or places of business in the City of Texarkana and therefore were not subject to any occupation tax attempted to be imposed by the city under A.C.A. § 26-77-102 for engaging in the real estate business therein. 187 Ark. at 765. As noted, this would appear to be a valid argument in light of subsection (b) of § 26-77-102, supra. The court inJames Mayo Realty Co. held otherwise, however, stating:
 The ordinance was not intended to license a place for carrying on a real estate business but the persons actually carrying on such business itself, and it is undisputed that the appellees were doing everything necessary to carrying on the business of real estate brokers . . . in the city of Texarkana, Arkansas, except that they had their places of business situated across the State line in Texas, where most of the negotiations for carrying on the business were consummated. It is the right to engage in the real estate business, the privilege itself, that is taxed, regardless of whether the operatives live or maintain their offices or places of business in the city where the business is carried on.
Id. at 767.
This ruling followed the court's previous decision in Blytheville v.Webb, supra, which involved a wholesale oil and gas dealer who maintained his place of business outside the City of Blytheville, but who delivered and sold oil and gas within the city. The court in Blytheville stated:
 Although it is true that appellee did not keep his office and storage tanks in the city of Blytheville, he did engage in, exercise or pursue one of the lines of business prohibited being pursued by said ordinance, without payment of the city license. The purpose of the ordinance, and a fair construction of its terms, shows it was the intention to prohibit the engaging in, pursuing or exercising the line of business within the city limits without payment of license, rather than that only firms or corporations who live or reside within the city should be required to procure license.
172 Ark. at 876-877.
With regard to subsection (b) of § 26-77-102, supra, the court in James Mayo Realty Co. acknowledged this provision but dismissed it, but stating:
 It is true that the statute provides that no person, firm or corporation shall pay license fees or taxes mentioned in [A.C.A. § 26-77-102] in more than one city in this State, unless such persons maintain such place of business in more than one city. But a fair construction of this provision does not indicate that the license is . . . required to be paid by only those who have or maintain regular offices inside the city.[2] It is the privilege of engaging in such business, the occupation, that is taxed, rather than the place or office for carrying it on.
In essence, the court is construing the phrase "maintains a place of business" (A.C.A. § 26-77-102 (b), supra), as synonymous with "engages in business." While this appears to be contrary to the literal language of the statute, I cannot ignore these cases. Until they are overruled, they stand for the proposition that a business will be subject to a license fee or tax in each municipality that has enacted an ordinance under A.C.A. § 26-77-102 covering the business's "trade, business, profession, vocation, or calling," as long as the business engages in or carries on the covered business in the city or town. Of course, a fact question may arise as to whether a particular business is engaging in or carrying on a business within the municipality so as to be subject to an ordinance requiring the payment of a license fee or tax for carrying on such business. As a general matter, however, according to the cases, the conduct of business in the city or town will bring the business within the terms of A.C.A. § 26-77-102.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
J. LEON JOHNSON Attorney General
JLJ:EAW/cyh
[1] Section 26-77-102 authorizes any city or town to "classify and define any trade, business, profession, vocation, or calling" and to require the payment of a license fee or tax by "any person, firm, individual, or corporation who shall engage in, carry on, or follow, any trade, business, profession, vocation, or calling, within the corporate limits of the city or town[.]" A.C.A. § 26-77-102 (a) and (d). The fee or tax is charged "for the privilege of doing business or carrying on any trade, business, profession, vocation, or calling in the city where the trade, business, profession, vocation, or calling is situated. . . ."Id. at subsection (c). As originally enacted, § 26-77-102 was limited to cities of the first class. Acts 1917, No. 179. It was subsequently amended to apply to "any municipal corporation," including "incorporated towns." See Acts 1937, No. 294, §§ 1 and 8.
[2] The ellipsis signifies my omission of the word "not" from the text. I believe it is apparent from the context and the ruling in the case that the inclusion of this "not" is an error and should be ignored. The sentence is nonsensical otherwise. Clearly, the court views the license as owing by those who maintain offices in the city. The point of this language is that, according to the court's interpretation of §26-77-102, the license fee must also be paid by those who engage in the business within the city, regardless of the business's office location.