The Honorable Bill Sample State Senator
2340 North Highway 7 Hot Springs, Arkansas 71909
Dear Senator Sample:
You have requested my opinion on the following questions concerning the licensing of businesses by municipalities:
 If a person holds a license to provide pest control services and acquires an occupational license in the city where the person has a physical office building, does that person also have to acquire an occupational license in cities and towns where he or she provides pest control services but does not have a physical office building? Do those cities or towns have the authority to require the person to obtain another occupational license before he or she can provide such services?
RESPONSE
In my opinion, the answer to both questions is "no," assuming as a matter of fact that the person does not maintain a place of business in any of the other cities or towns where services are provided. This is in accordance with the following subsection of the Arkansas Code, which pertains to municipal occupational taxes and licenses:
 No person, firm, individual, or corporation shall pay a license fee or tax mentioned in this chapter in more than one (1) city in this state *Page 2 
unless such person, firm, individual, or corporation maintains a place of business in more than one (1) city.[1]
This subsection is part of a Code provision that authorizes any city or town to require the payment of a license fee or tax for the privilege of doing business within the municipality.[2] As explained by the Arkansas Supreme Court:
 [T]he authority to impose an occupation licensing fee is expressly delegated to the city by the legislature under Ark. Stat. Ann. 19-4601 [now A.C.A. § 26-77-102], which gives cities the right to classify and define any trade, business profession, or calling and to fix the amount any person, firm, or corporation shall pay for the privilege of doing business based on the amount of goods carried in stock, or the kind of vocation, but prohibits classification based on earnings or income.[3]
Regarding subsection (b) of § 26-77-102, supra, this subsection plainly conditions the payment of an occupation license fee or tax to more than one city upon the fact that the "person, firm, individual, or corporation . . . maintains a place of business in more than one (1) city." If, as your questions suggest, a person acquires an occupation license in one city and then provides services in other cities or towns where he or she has no place of business, [4] then in my opinion those other cities and towns may not require a license as a condition of providing such services within their corporate limits. I believe this follows from the plain language of A.C.A. § 26-77-102(b).[5] *Page 3 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
Enclosure
[1] A.C.A. § 26-77-102(b) (Repl. 2008).
[2] Id. at (a), (c) and (d). As originally enacted, A.C.A. § 26-77-102 was limited to cities of the first class. See Acts 1917, No. 179. It was subsequently amended to apply to "any municipal corporation," including "incorporated towns." See Acts 1937, No. 294, §§ 1 and 8.
[3] City of Mountain Home v. Drake,281 Ark. 336, 338, 663 S.W.2d 738 (1984).
[4] Fact questions may arise as to whether a person "maintains a place of business" in a particular locality, but in general I believe this contemplates having a place or office for carrying on the business. See Texarkana v. James Mayo Realty Co.,187 Ark. 764, 62 S.W.2d 42 (1933).
[5] I should note that this opinion appears to be contrary to an opinion issued by one of my predecessors. Attorney General Opinion2002-343 addressed the question whether A.C.A. § 26-77-102 "exempts businesses from having to purchase a license in every town where they conduct business." My predecessor concluded, based on several Arkansas Supreme Court cases, that a business can be subject to an occupation license fee or tax in any city or town in which it operates, regardless of whether it maintains a place of business in the city or town. The opinion can be read to suggest that it is irrelevant whether the business has already obtained a license or paid the tax in one city in Arkansas. I must disagree with Opinion 2002-343 to that extent. The opinion correctly notes that "[a]s a general matter, according to the cases, the conduct of business in the city or town will bring the business within the terms of A.C.A. § 26-77-102."Id. at 4. But the opinion fails to recognize that the cases,James Mayo Realty Co., supra n. 3, andBlytheville v. Webb, 172 Ark. 874, 290 S.W. 589 (1927), were not dealing with persons who were doing business in one city in Arkansas after having paid an occupation or privilege tax to another city in Arkansas. James Mayo Realty Co. involved real estate dealers who were doing business in Texarkana, Arkansas while maintaining offices in Texarkana, Texas. Webb similarly involved an oil and gas dealer who was doing busy in the City of Blytheville, Arkansas and whose office was located outside the city. Neither case involved persons who had already paid a license fee or tax to engage in business in an Arkansas city. See Webb,172 Ark. at 875 (noting that the oil and gas dealer "pays no occupation or privilege tax to any State, county or municipality. . . .")
In my opinion, the cases discussed in Op. 2002-343 are inapposite to the question at hand regarding subsection (b) of § 26-77-102. I must therefore disagree with the opinion to the extent it suggests that a person who has already obtained an occupational license in one city or town in Arkansas will be subject to another city or town's occupational license requirement regardless of whether the person maintains a place of business there. If there is no place of business in the latter municipality, then in my opinion A.C.A. § 26-77-102(b) bars the municipality from requiring another license under this scenario. *Page 1