MORRILTON v. COMES.

Opinion delivered May 27, 1905.

MUNICIPAL ORDINANCE—SALE OF NATIVE WINE—VALIDITY.—A city ordinance providing that native wine shall not be sold in the corporate limits, except upon premises where the grapes or berries were grown

and the wine produced or manufactured, is void because it conflicts with the act of March 29, 1899, providing that "any person who grows or raises grapes or berries may make wine thereof and sell the same· in quantities not less than one-fifth of a gallon or in sealed bottles anywhere in the State without license when the same has been properly labeled."

Appeal from Conway Circuit Court.

WILLIAM L. MOOSE, Judge.

Affirmed.

*W. P. Strait,* for appellant.

A city of the second class has authority to pass and enforce an ordinance regulating the sale of native wine within its limits. 38 Ark. 641 ; 45 Ark. 356; 43 Ark. 364; 130 N. C. 223; 114 N. C. 860; 142 Ind. 168; 65 L. R. A. 902; Kirby's Dig. § § 5593, 5461; 110 N. C. 529; 127 U. S.·684; 25 L. R. A. 283; 100 N. C. 525; 131 N. C. 820; Tied. Pol. Pow. 5, 593; Bish. Stat. Cr. § 985; 50 N. J. L. 55; 138 Ind. 335; 74 N. Y. 516; 145 Ind. 439; 26 Am. & Eng. Enc. Law, 569. The power to regulate or suppress carries with it the means of doing so, and, when adopted, the means cannot be questioned. 68 Ala. 58; 21 S. C. 292; 73 Md. 250; 113 U. S. 32. Nuisance, what is? 1 Wood, Nuis. § 1, 21; 70 Ark. 12. Municipal corporations have power to abate a nuisance. 1 Dill. Mun. Corp. § 379. The question of repeal is always one of legislative intent. 26 Am. & Eng. Enc. Law, 718; 16 Utah, 483; 17 Wash. 626. To interpret legislative intent, the subject-matter, the effect, purpose and reason of the law is to be inquired into. 48 Ark. 307; 5 Ark. 536: 13 Ark. 52; 11 Ark. 44; 3 Ark. 285; 6 Ark. 9. Where an act is passed covering a specific subject of former legislation, the repeal applies to and covers only acts or parts of acts on the same subject-matter. 20 Cal. 94; 34 Conn. 118; 27 Ga. 467; 3 Bibb, 180; 14 La. 678; 12 Allen, 421; 26 Am. & Eng. Enc. Law, 719, 727; 53 Ark. 337. The illegal or objectionable words of the ordinance should be stricken out, and the ordinance given effect. 53 Ark. 490; 26 Am. & Eng. Enc. Law, 570; 34 Ark. 224; 55

Ark. 200; 70 Ark. 94; 66 Ark. 36.   The general subject is all that is required in the title.   69 Ark. 460.

*Sellers & Sellers,* for appellee.

Powers of municipal corporations are strictly construed. 31 Ark. 462; 45 Ark. 454; 36 Mich. 416; 71 S. W. 66; 66 Ark. 40; 46 Ark. 358.   The ordinance is in violation of the Federal Constitution.   88 Ga. 548, 589; 80 Ala. 89.   The ordinance conflicts with the general State law, and is void.   Const. art. 7, § 4, Sand. & H. Dig. § 5132; Kirby's Dig. § § 5100, 5438; 17 Am. & Eng. Enc. Law, 246; 23 Conn. 128; 96 N. Y. 477; 34 Am. Dec. 628; 45 Ark. 454.

BATTLE, J.   The city council of Morrilton passed an ordinance, section 1 of which is as follows:

"Be it enacted by the city council of the city of Morrilton, Arkansas:

"Section 1. That native wine shall not be sold in any business house, hotel or restaurant, or other place in the corporate limits of the city of Morrilton, except upon premises where the grapes or berries were grown and the wine produced or manufactured."

Is this a valid ordinance?

Section 4 of article 12 of the Constitution of 1874 provides: "No municipal corporation shall be authorized to pass any laws contrary to the general laws of the State."

The act, entitled "An act to regulate the sale of native wine, and other purposes," approved March 29, 1899, provides: "Any person who grows or raises grapes or berries may make wine thereof and sell the same in quantities not less than one-fifth of a gallon or in sealed bottles anywhere in the State without license when the same has been properly labeled as provided for in section 2 of this act;" provided that the sale of it may be prohibited on petition of the people as now provided by law.

The General Assembly subsequently, by an act approved May 23, 1901, granted to all municipal corporations the power "to license, regulate, tax or suppress   *   *   *   tippling houses,

dramshops, any dealer in wines and liquors by the quantity or otherwise than as keeper of tippling houses or dramshops."

The ordinance is contrary to the act of March 29, 1899. The act of May 23, 1901, did not vest municipal corporations with the power to pass such ordinances, because the Constitution denies to the Legislature the power to authorize municipal corporations to pass any laws contrary to the general laws of the State. So the ordinance, being contrary to a general law of the State, is void. *State* v. *Lindsey,* 34 Ark. 373.

The judgment is affirmed.