Dorsey AINSWORTH *v.* STATE of Arkansas

CR 06-299                                         240 S.W.3d 105

Supreme Court of Arkansas
Opinion delivered September 28, 2006

*Wm. C. Plouffe, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Justice. The Appellant, Dorsey Ainsworth, signed a plea agreement on June 26, 2001,

admitting to charges of conspiracy to deliver a controlled substance and possession of drug paraphernalia. The Union County Circuit Court accepted the plea agreement, sentenced him to five years probation for each count, fined him $2,000 on the conspiracy count, imposed court costs of $150, and sentenced him to eighty hours of community service. Apparently, no judgment and disposition order was entered, and the only records reflecting the oral pronouncement of the sentence were the plea agreement, a criminal docket sheet, and a circuit court time-pay sheet. Ainsworth met with his probation officer during 2001. On September 16, 2002, a petition to revoke probation was filed against Ainsworth, and he was eventually arrested and detained for three weeks in July 2004. While he made some payments towards his fines, on August 10, 2004, Ainsworth filed combined motions to dismiss the petition to revoke probation and to dismiss all criminal proceedings. On July 19, 2005, he filed an amended motion on the same bases. A hearing on the motions was held on November 22, 2005. On December 6, 2005, the trial judge signed an order denying the Appellant's motions to dismiss and denying the petition to revoke, and then announced that a judgment and disposition order would be entered nunc pro tunc. On December 8, 2005, the nunc pro tunc order referencing the Appellant's previous guilty pleas and subsequent sentences was entered in the trial court. However, the order reduced Ainsworth's fines from $2,000 to $1,000. The Appellant filed a timely notice of appeal, appealing the denial of his motions to dismiss and the trial court's entry of the nunc pro tunc order.

The Appellant's first point on appeal is: *The criminal proceedings against the appellant should be dismissed as void because of a lack of a timely entered judgment.*

The Appellant first contends that Ark. Code Ann. § 16-90-105 (Repl. 2006) requires that a judgment of conviction be entered within thirty days of a trial court's finding of guilty and that the failure to enter the judgment within thirty days of his guilty plea renders the judgment void.

Ark. Code Ann. § 16-90-105 provides in pertinent part:

### § 16-90-105. Guilty verdict; sentencing

(a) Upon the return of a verdict of guilty, if tried by a jury, or the finding of guilt if tried by the circuit court without a jury, sentence may be announced.

(b) The judgment of the court may be then and there entered for sentencing and the entry of the judgment may be postponed to a date certain then fixed by the court not more than thirty (30) days thereafter, at which time probation reports may be submitted, matters of mitigation presented, or any other matter heard that the court or the defendant might deem appropriate to consider before the pronouncement of sentence and entry of the formal judgment.

This court reviews issues of statutory construction *de novo,* as it is for the appellate court to decide what a statute means. *Middleton v. Lockhart,* 344 Ark. 572, 43 S.W.3d 113 (2001). The basic rule of statutory construction is to give effect to the intent of the legislature. *Arkansas Dep't of Economic Development v. William J. Clinton Presidential Foundation,* 364 Ark. 40, 216 S.W.3d 119 (2005). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.* However, when a statute is ambiguous, we must interpret it according to the legislative intent, and our review becomes an examination of the whole act. *Id.* We reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Id.* We also look to the legislative history, the language, and the subject matter involved. *Id.* Additionally, statutes relating to the same subject are said to be *in pari materia* and should be read in a harmonious manner, if possible. *Id.*

This court has held that it construes court rules using the same means, including canons of construction, as are used to construe statutes. *Gannett River Pub. v. Ark. Dis. & Disab.,* 304 Ark. 244, 801 S.W.2d 292 (1990) (citing N. Singer, 3A *Sutherland Statutory Construction,* 67.10 (4th ed.1986); *Moon v. Citty,* 344 Ark. 500, 42 S.W.3d 459 (2001). Here, guidance may be had from the prior construction of our old Rule of Criminal Procedure 36.4, (now Ark. R. Crim. P. 33.2) which contained language almost identical to that found in section 16-90-105, and provided in pertinent part:

Upon the return of a verdict of guilty, if tried by a jury, or the finding of guilty if tried by a circuit court without a jury, sentence

may be pronounced and the judgment of the court may be then and there entered, or sentencing and the entry of the judgment may be postponed to a date certain then fixed by the court, not more than thirty (30) days thereafter, . . .

In *Hoke v. State*, 270 Ark. 34, 603 S.W.2d 412 (1980), we were called on to construe Rule 36.4, and in so doing stated the following:

> The written judgment was signed, nunc pro tunc, on August 24, 1979, and entered of record. The defendant contended below by a motion to vacate, and contends here, that the judgment is void and he is entitled to an absolute discharge because the judgment was not entered within the 30 days specified in Criminal Procedure Rule 36.4 (1976). The rule is obviously not mandatory, not only because it specifies that the sentencing and judgment "may" be postponed for not more than 30 days, but also because the nunc pro tunc entry of judgments actually rendered earlier has long been the practice in Arkansas. It cannot have been the intent of the rule to permit a convicted felon to escape punishment altogether merely because the judgment was not reduced to writing within 30 days.

We agree with the reasoning in *Hoke*. The use of "may" in section 16-90-105 indicates that the statute is directory and not mandatory, and our longstanding practice of the nunc pro tunc entry of judgments actually rendered earlier likewise so indicates. We further note that no penalty is mentioned in section 16-90-105 for the failure to enter a judgment within thirty days. For the forgoing reasons, we agree with the trial court's ruling that section 16-90-105 does not require the voiding of a judgment entered more than thirty days after a court's acceptance of a guilty plea.

Ainsworth was jailed for a period of three weeks in 2004 for failing to comply with the terms of his probation, and he was also made to pay $900 toward the fines imposed by the judgment. At the time of his detention and the payments, there is no evidence that the judgment pronounced in 2001 had been entered upon record, and thus it had not become effective. *See Bradford v. State*, 351 Ark. 394, 94 S.W.3d 90 (2003); *Johninson v. State*, 330 Ark. 381, 953 S.W.2d 883 (1997). This fact was acknowledged by the trial court's denial of the Appellee's petition to revoke probation.

However, the Appellant also argues that the trial court's failure to enter the sentence renders all charges against him void and cites *Hunter v. State*, 278 Ark. 428, 645 S.W.2d 954 (1983), in

support of that proposition. In that case, we held that when a court grants unauthorized dual judgments of sentence and one is imposed and served and the other is the suspension of a sentence, there is an election by operation of law, and the valid sentence is the one actually imposed, while the other is void.

That situation does not exist here. The Appellant has cited to no authority that requires the voidance of *all* sentences improperly entered, and our legal precedent such as *Hoke, supra,* as well as strong public policy concerns, dictate that we decline to do so here. The Appellant admits his guilty plea, and his actions subsequent to the plea, such as his meeting with the probation officer and the partial payment of his fine, indicate that he was operating under the assumption that the judgment against him was valid. Ainsworth was well aware of his guilty plea, its acceptance by the court, and the penalties imposed as a result of that plea. Thus, he has failed to show how he has been inconvenienced or prejudiced by the entry of the nunc pro tunc judgment. For the forgoing reasons, the trial judge's ruling denying Appellant's motion to dismiss all the criminal charges against him is affirmed.

The Appellant's second point on appeal is: *The trial court erroneously entered a nunc pro tunc judgment against the appellant four years later.*

An order or a judgment nunc pro tunc may be entered upon proof that such order or judgment was made and not entered, and such fact may be proven by oral evidence or written memoranda like any other fact might be proven. *Piggott Junior Chamber of Commerce, Inc. v. Hollis,* 242 Ark. 205, 412 S.W.2d 595 (1967).

It is well settled in Arkansas that a court of record has the authority to enter nunc pro tunc judgments to cause the record to speak the truth, whether in criminal or civil cases. *See Lovett v. State,* 267 Ark. 912, 591 S.W.2d 683 (1979); *McPherson v. State,* 187 Ark. 872, 63 S.W.2d 282 (1933); *Richardson v. State,* 169 Ark. 167, 273 S.W. 367 (1925). The rendition of a judgment is a judicial act on the part of the court, while the entry of a judgment is a ministerial act performed by the clerk. *Norfleet v. Norfleet,* 223 Ark. 751, 268 S.W.2d 387 (1954). We have said that nunc pro tunc orders may be entered to correct a misprision of the clerk, but that the trial court cannot change an earlier record to correct something that should have been done but was not. *Bradley v. French,* 300 Ark. 64, 776 S.W.2d 355 (1989) (quoting *Standridge v. Standridge,* 298 Ark. 494, 769 S.W.2d 12 (1989)). Our standard of

review for the entry of nunc pro tunc orders is abuse of discretion. *McCuen v. State,* 338 Ark. 631, 999 S.W.2d 682 (1999).

In the present case the record indicates that judgment was pronounced upon Ainsworth in open court on July 26, 2001, and that his sentence included five years probation and a $2,000 fine for possessing a controlled substance with intent to deliver, but that no judgment and disposition order could be located thereafter. The absence of a judgment and disposition order indicates that some-one has erred, but it is not discernable from the record whether the judge failed to provide the clerk with an order, whether the clerk failed to enter the order although one was provided, or whether some other error occurred.

■ Ainsworth's original fine of $2000 for the conspiracy count was reduced to $1000 in the nunc pro tunc order under review here. In her order denying Ainsworth's motion to dismiss, the trial judge acknowledged that Ainsworth had made some payments towards his fine, and the record reflects that Ainsworth made two payments totaling $900 in 2004. Ainsworth's fines and costs originally totaled $2,150. While the record is silent, it appears that the $1,000 reduction in the nunc pro tunc order was made by the trial judge to account for Ainsworth's previous payments, and that is what this court concludes. Therefore, the reduction would not constitute an attempt to change the record to "correct some-thing that should have been done [in 2001] but was not." Based on the record before us, we find that the trial judge did not abuse her discretion by entering a modified order nunc pro tunc, and thus the entry of that order is affirmed.

The Appellant's third point on appeal is: *The appellant's right to a speedy trial was violated by the untimely entry of judgment of sentencing, four years later.*

The Appellant received no ruling upon this argument from the trial court, and thus it is not preserved for our review. We will not consider arguments raised for the first time on appeal, and without a ruling by the lower court there is nothing for this court to review. *Lewellen v. Sup.Ct. Comm. on Prof'l Conduct,* 353 Ark. 641, 110 S.W.3d 363 (2003).

The appellant's fourth point on appeal is: *The trial court erroneously sustained the state's objection to appellant's question to the probation officer whether a judgment has been entered.*

Appellant contends that the trial court erred by sustaining the prosecution's objection, on the grounds that the question

called for a legal opinion, to counsel for Appellant's questioning the Appellant's probation officer about the officer's knowledge regarding the entry of judgment in this case.

The Appellant failed to proffer the officer's answer to the question, as he was required to do. *Arnett v. State*, 353 Ark. 165, 122 S.W.3d 484 (2003). Also, Ainsworth has not shown how he was prejudiced by the exclusion of the testimony, as the trial court's order recognized that no entry of record could be located in the present case. An appellant must show that he was prejudiced by the exclusion of evidence to successfully challenge that exclusion. *Anderson v. State,* 354 Ark. 102, 118 S.W.3d 574 (2003). For the forgoing reasons, the trial court's ruling on this point is affirmed.

Affirmed.