WHITE COUNTY, Arkansas *v.*
CITIES of JUDSONIA, KENSETT, and PANGBURN, Arkansas

06-649                                                251 S.W.3d 275

Supreme Court of Arkansas
Opinion delivered March 1, 2007

[Rehearing denied April 12, 2007.]

*Rainwater, Holt & Sexton, P.A.*, by: *Michael R. Rainwater* and *JaNan Arnold Davis*, for appellant.

*Lightle Raney Bell & Simpson, LLP*, by: *Donald P. Raney* and *Susannah R. Streit; Mark Pate* for appellees.

JIM GUNTER, Justice. This appeal arises from a declaratory-judgment order from the White County Circuit Court denying a motion for summary judgment filed by appellant, White County, and declaring, pursuant to Ark. R. Civ. P. 57 (2006), that Ark. Code Ann. § 16-17-129 (Supp. 2005), as amended, is not ambiguous. On June 18, 2003, the White County Quorum Court enacted Ordinance 2003-10, which authorized the levy of an additional five dollar ($5.00) fine to help defray the expense of housing prisoners in the White County Detention Center. On appeal, White County argues that it passed the ordinance pursuant to Ark. Code Ann. § 16-17-127 (Supp. 2005). We affirm.

On June 18, 2003, the White County Quorum Court enacted Ordinance 2003-10, which authorized the levy of an additional five dollar ($5.00) fine to help defray the expense of incarceration of prisoners pursuant to Ark. Code Ann. § 16-17-129. The ordinance was enacted to alleviate the financial burden of the operation of the White County Detention Center. Appellee cities, Judsonia, Kensett, and Pangburn, are all located within White County and did not comply with Ordinance 2003-10. On August 19, 2005, White County filed a complaint for declaratory judgment to resolve the dispute as to the enforceability of Ordinance No. 2003-10 and also filed a motion for summary judgment, asking the court to declare that Ordinance 2003-10 as county law that the cities must follow.

Section 16-17-129, as originally codified in 1999, authorized only cities with populations less than 100,000 to levy and collect the $5.00 fine. Act of Apr. 12, 1999, No. 1336, 1999 Ark. Acts 5459. Act 1188 of 2003 amended this section to authorize counties to levy the same additional $5.00 fine. Act 1373 of 2005 amended this section by adding subsection (e). On February 27, 2006, the White County Circuit Court found that § 16-17-129, as amended, was not ambiguous and that 2003-10 did not authorize appellee cities to impose the additional $5.00 fine because the cities' councils must first adopt the ordinance authorizing the fine. From this order, White County brings its appeal.

For its first point on appeal, White County argues that the circuit court erred in finding that ordinance 2003-10 does not authorize appellees to impose or collect the additional $5.00 fine. By Ordinance 2003-10, the White County Quorum Court ordered the district and city courts within White County to impose and collect the additional fine authorized by Ark. Code Ann. § 16-17-129. The purpose was to alleviate the financial burden of

the operation of White County Detention Center. The circuit court ruled that § 16-17-129 was not ambiguous. White County agrees that the statute is not ambiguous, but disagrees with the court's application of the statute. In response, appellees argue that while they agree with the circuit court's ruling that § 16-17-129 does not authorize White County to order appellees to levy a $5.00 fine in their city courts, they contend the language of the statute is ambiguous. Appellees ask us to look beyond the ordinary and usually accepted meaning of the language of the code section to determine its true intent.

We review issues of statutory construction de novo, as it is for this court to decide what a statute means; thus, we are not bound by the trial court's determination. *Turnbough v. Mammoth Spring Sch. District No. 2,* 349 Ark. 341, 78 S.W.3d 89 (2002). The basic rule of statutory construction is to give effect to the intent of the General Assembly. *See id.* In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Id.* A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *State v. Britt,* 368 Ark. 273, 244 S.W.3d 665 (2006).

Ordinance 2003-10 was enacted pursuant to Act 1188 of 2003, which is codified at Ark. Code Ann. § 16-17-129 and states:

> (a) In addition to all fines now or as may hereafter be provided by law, the governing body of each city of the first class, city of the second class, incorporated town, *and county* in this state may by ordinance levy and collect an additional fine not to exceed five dollars ($5.00) from each defendant who pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation *in the municipal court or city court of the city, town, or county, or in the district court for the district in which the city or town is located.*

(Emphasis added.) Act 1188 of 2003 gave counties in the state the right to levy this additional $5.00 fine. This right had been held exclusively by the cities and towns of the state since Act 1136 of 1999.

Another amendment, Act 1185 of 2003, made technical corrections to the entire body of Arkansas law in order to implement Amendment 80. Act 1185 removed the term *municipal court* in favor of *district court* because district courts became vested with the jurisdiction of municipal courts under section 19 of Amendment 80. Act 1373 of 2005 is the most recent amendment to § 16-17-129. Act 1373 added subsection (e) stating that the fine shall apply to each charge, count, violation, or offense of defendant.

White County argues that according to the plain language of Act 1188 of 2003, it had the authority to impose the fine on appellees. White County asserts that since the municipal courts or city courts of appellees are located in White County and the $5.00 fine was levied by the Quorum Court of White County, Ordinance No. 2003-10 imposes on the municipal courts or city courts of appellees the duty to pay the additional $5.00 fine.

Appellees respond, arguing that Act 1188 of 2003 created confusion and ambiguity resulting in the present situation. Appellees rely on Attorney General's Opinion No. 2005-017. In his opinion, the attorney general states that § 16-17-129 "authorizes a county to levy and collect, by quorum court ordinance, the additional $5.00 fine in district court only. The authority does not extend, in my opinion to city court." Op. Att'y Gen. No. 2005-017. Appellees explain that, while it might seem at first glance that the statute authorizes the county to impose the fine on a city court, "it becomes apparent upon further analysis that 'all courts within a . . . county in this state that has by ordinance levied the fine' is ambiguous given the fact that a city court ordinarily is not considered a court 'of the . . . county'." *Id.* The attorney general does admit that the language of 16-17-129 could include city courts by stating:

> I recognize in this regard that Act 1373 of 2005 restates subsection (a) of the statute as previously codified. This merely perpetuates the existing ambiguity, however, rather than resolving it. I also note that Act 1373 includes new language authorizing the fine's imposition "[b]y all courts within a . . . county. . ." See A.C.A. § 16-17-129(e)(2)(A), supra. While this language admittedly could encompass city courts, its broad sweep raises more questions than answers, in my opinion. It could just as easily be interpreted to mean all district courts within the county. This interpretation may be reinforced, moreover, by the title of Act 1373, which reflects only an intent to clarify that the additional $5.00 fine applies to each offense.

*Id.* The attorney general states that legislative history remains the most authoritative source on the issue, and that it is "relatively clear from the history that counties were given the same authority to levy and collect the additional fine in district (former municipal) court as was originally given to cities and towns." *Id.* Appellees argue that the amendment did not authorize or expand the jurisdiction of a governing body of the county to enact an ordinance which could require an additional fine to be imposed in city courts.

We have held that attorney general opinions are not binding precedent on this court. *Ark. Prof'l Bail Bondsman Licensing Bd. v. Oudin*, 348 Ark. 48, 69 S.W.3d 855 (2002). However, we agree with appellees that the language of the statute is ambiguous. Looking at the plain language of the statute, reasonable minds could differ as to whether it limits White County to only collecting fines in district court or allows White County to collect fines in city courts as well, thereby making the statute ambiguous. *See Britt, supra.* The language "in the city court of the city, town, or county, or in the district court for the district in which the city or town is located" is unclear because there is no "city court of the county." Since the statute is ambiguous, we look to the whole act including the legislative history, the language, and the subject matter involved. *Ainsworth v. State*, 367 Ark. 353, 240 S.W.3d 105 (2006).

Considering the act as a whole, we agree with appellees' assertion that the legislature did not intend to authorize the governing body of a county or expand the jurisdiction of a governing body of the county to enact an ordinance which would require an additional fine to be imposed in city courts. A county is a municipal corporation. *Stilley v. Henson*, 342 Ark. 346, 28 S.W.3d 274 (2000) (citing *City of Hot Springs v. Gray*, 215 Ark. 243, 219 S.W.2d 930 (1949)). Municipal corporations are creatures of the legislature and as such have only the power bestowed upon them by statute or the Arkansas Constitution. *Id.* (citing *Jones v. Am. Home Life Ins. Co.*, 293 Ark. 330, 738 S.W.2d 387 (1987)). It is well settled that municipal corporations have no inherent powers and can exercise only (1) those expressly given to them by state statute or the Arkansas Constitution, (2) those necessarily implied for the purposes of, or incident to, the express powers, and (3) those indispensable, not merely convenient, to their objects and purposes. *Cosgrove v. City of West Memphis*, 327 Ark. 324, 938 S.W.2d 827 (1997). Finally, any substantial doubt about the existence of a power in a municipal corporation must be resolved

against it. *Id.*; *City of Little Rock v. Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982); *Town of Dyess v. Williams*, 247 Ark. 155, 444 S.W.2d 701 (1969).

Here, it is clear that the legislature's intent was to give counties the same authority to collect the fine in district court as the cities' authority to collect the fine in city court. The legislature did not intend to authorize counties to collect the additional fine in city courts. We do not agree with White County's argument that the emergency clause set out in Act 1373 of 2005 clarified the legislature's intent for the county to collect the additional fine in city court. The emergency clause states:

> It is found and determined by the General Assembly of the State of Arkansas that questions have arisen regarding the interpretation of Act 1188 of 2003; that the fiscal burdens of incarcerating prisoners in city and county jails are increasing; and that this act is immediately necessary in order to provide financial relief to defray the cost of city and county prisoners. Therefore, an emergency is declared to exist and this act being immediately necessary for the preservation of the public peace, health, and safety shall become effective on . . . [act was approved on March 29, 2005].

*Id.* This emergency clause merely states the intent of the legislature to provide financial relief to defray the cost of city and county prisoners. It does not state that counties can collect the additional fine in city court. Even with the addition of the emergency clause, we still agree with appellees that the intent of the legislature was for counties to collect the fine in district court and cities to collect the fine in city court. Keeping in mind that any substantial doubt about the existence of a power in a county must be resolved against it, we hold that the legislature did not bestow upon White County the power to collect the additional fine in appellees' city courts, *see City of Little Rock, supra*, and we affirm the trial court's ruling.

For its second point on appeal, White County argues that the circuit court erred in finding that only a local city council could authorize the collection of the additional $5.00 fine in city courts by adoption of city ordinance. Section 1 of Act 1336 of 1999 states:

> In addition to all fines now, or as may hereafter be provided by law, each first class city, second class city, and incorporated town in this

> state may levy and collect an additional fine not to exceed five dollars. . . for any misdemeanor or traffic violation in the municipal court or city court of the city or town. . . *The additional court fine authorized by this act shall be levied by ordinance of the governing body of the municipality where in the municipal court or city court is located.*

(Emphasis added.) In Act 1185 of 2003, the above highlighted sentence was stricken and the following highlighted words added:

> In addition to all fines now or as may hereafter be provided by law, *the governing body* of each city of the first class, city of the second class, and incorporated town in this state may *by ordinance* levy and collect an additional fine not to exceed five dollars . . . for any misdemeanor or traffic violation in the city court of the city or town *or in the district in which the city or town is located.*

(Emphasis added.)

White County argues that the above amendment removed the language which gave exclusive right to the "municipality" to pass an ordinance levying the additional fine. Appellees argue that the change simplified the code section while retaining the original intent through the addition of the highlighted phrases. Appellees also assert that it would be illogical for the General Assembly to intend for some other governing body other than that specifically stated in the code section to be authorized to pass an ordinance which would require a city or town to levy this additional tax.

Act 1188 of 2003 states:

> (a)(1) In addition to all fines now or as may hereafter be provided by law, the governing body of each city of the first class, city of the second class, incorporated town, *and county* in this state may by ordinance levy and collect an additional fine not to exceed five dollars ($5.00) from each defendant who pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation *in the municipal court or city court of the city, town, or county.*
>
> (2) The additional court fine authorized by this section shall be levied *by ordinance of the governing body of the municipality or county wherein the municipal court or city court is located.*

(Emphasis added.) Appellees argue that it is clear that the General Assembly intended the additional fine to be levied by ordinance of the

governing body of the municipality (city) or the governing body of the county wherein the municipal court (district court) or city court is located. In its reply brief, White County asserts that it does not dispute the authority of a city or town to avail itself of the revenue raising mechanism provided by the law, but argues that Arkansas counties are likewise empowered. White County argues that the Arkansas General Assembly has specifically authorized the cities to collect a $5.00 fine and the counties to collect an *additional* $5.00 fine. We disagree.

■ Ordinance 2003-10 was enacted pursuant to Act 1188 of 2003, and although we agree that this language is confusing, we hold that the intent of the General Assembly was to give counties the authority to levy and collect the additional fine in *district court*, the same way it gave cities the authority to levy and collect the additional fine in city court. When a statute is ambiguous, we look to the whole act including the legislative history, the language, and the subject matter involved. *See Ainsworth, supra.* Looking at the entire act, we hold that the intent of the statute was not to give counties the authority to levy and collect additional fines in city courts; therefore only city ordinances adopted by the appellees' city councils could authorize the additional fine. Keeping in mind our de novo standard of review, we hold that the circuit court did not err in finding that only a local city council could authorize the collection of the additional $5.00 fine in city courts by adoption of a city ordinance. Accordingly, we affirm the circuit court's ruling.

Affirmed.

HANNAH, C.J., and IMBER, J., not participating.

Special Justices HILL and MAYTON join.