## THE MUNICIPALITY of HELENA-WEST HELENA, AR; Mayor J.F. Valley, Chief Executive Officer *v.* Johnny WEAVER

08-176                                        286 S.W.3d 132

Supreme Court of Arkansas
Opinion delivered June 26, 2008

*Geoffrey Thompson*, for appellant.

No response.

ROBERT L. BROWN, Justice. The municipality of Helena-West Helena, Arkansas, and Mayor J.F. Valley, Chief Executive Officer of Helena-West Helena (collectively "City"), appeal the issuance of a writ of mandamus by the circuit court. We reverse the issuance of the writ and dismiss.

On July 6, 2007, Johnny Weaver, former mayor of the City of West Helena, filed a petition for a writ of mandamus and declaratory judgment with the Phillips County Circuit Court asking the circuit court to issue a writ of mandamus requiring the City of Helena-West Helena to pay retirement benefits to Weaver and requesting an immediate hearing on the issue. The City answered on July 26, 2007, and denied any wrongdoing. The City also asserted several affirmative defenses, including the defense that Weaver's claims were not ripe for adjudication. On August 2, 2007, a notice of hearing was filed, notifying the parties that a hearing had been scheduled for the following day, August 3. During the hearing, the City asserted that it did not have adequate notice to prepare. The circuit court agreed, and a second hearing was scheduled for August 9, 2007.

On August 7, 2007, the City moved to dismiss the petition and contended that Weaver had failed to state a claim upon which relief could be granted. Particularly, the City argued that the city ordinance relied on by Weaver, Ordinance 4B enacted by the West Helena City Council in 2005, was invalid and unconstitutional because it contradicted an Arkansas statute, Arkansas Code Annotated § 24-12-123. In addition, the City argued that the issue was not ripe for consideration because Weaver had not reached the age of sixty, the minimum age, absent a city ordinance to the contrary, for a mayor to receive retirement benefits under § 24-12-123. During the August 9 hearing, the City also continued to maintain that Ordinance 4B was invalid and in conflict with state law and that Weaver's claims were not ripe for consideration.

On November 8, 2007, the circuit court entered an order in which it issued a writ of mandamus and ordered the City to pay retirement benefits to Weaver. The circuit court specifically ruled that Ordinance 4B was valid and effective. The circuit court further found that the ordinance was not repealed by the merger of the cities of Helena and West Helena and ruled that because the Attorney General had not been notified of the City's constitutional challenge to Ordinance 4B, as required by statute, the circuit court must give "full faith and credit" to the ordinance. The circuit court ruled, in addition, that pursuant to § 24-12-123 and Ordinance 4B, Weaver was presumed to meet the statutory minimum service requirements for receiving benefits, and, thus, Weaver had "an established right to receive retirement benefits." The circuit court concluded that it was the General Assembly's intent to issue retirement benefits to retired officials like Weaver and to prevent

unfairness to an elected official who was forced out of office due to the merger of two or more cities.

The City filed a timely notice of appeal and brief in this case. No appellate brief was filed in this court on behalf of Weaver.

The City first contends that the circuit court erred by granting Weaver's petition for a writ of mandamus because the ordinance relied upon by Weaver is in direct conflict with a state statute. The City insists that it is unconstitutional for a municipality to enact an ordinance contrary to a state statute, and the portions of any ordinance that conflict with a statute are void and have no effect. The City specifically claims that Ordinance 4B, which the circuit court relied upon in its order, is void because it contradicts § 24-12-123, which dictates when a mayor of a city of the first class is entitled to retirement benefits and also how a mayor's additional previous service as an elected official or employee of the city may be counted towards a mayor's service for purposes of qualifying for retirement benefits. The City concludes that Weaver has not satisfied the criteria to obtain retirement benefits under § 24-12-123 and that because Ordinance 4B conflicts with this section, the ordinance is invalid and should not have been relied upon by the circuit court to issue the writ of mandamus. Again, there is no response brief by Weaver.

Our standard of review for issues of statutory construction is well settled:

> We review issues of statutory construction *de novo*. It is for this court to decide what a statute means, and we are not bound by the circuit court's interpretation. The basic rule of statutory construction is to give effect to the intent of the General Assembly. In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. . . . We will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. . . .

*Sykes v. Williams*, 373 Ark. 236, 240, 283 S.W.3d 209, 213-14 (2008) (internal citations omitted).

Section 24-12-123 dictates the criteria that must be met in order for a mayor of a city of the first class to receive retirement benefits upon his or her retirement as mayor. The relevant subsections of that statute provide:

(a)(1)(A)  In all cities of the first class in this state, any person who shall serve as mayor of the city for a period of not less than ten (10) years, upon reaching the age sixty (60), or any person who shall serve as mayor of the city for a period of not less than twenty (20) years, without regard to age, shall be entitled to retire at an annual retirement benefit during the remainder of the person's natural life, payable at the rate of one-half (½) of the salary payable to the mayor at the time of retirement.

(B)  The governing body of the city may provide by ordinance that any person who has served as mayor for a period of not less than ten (10) years may retire upon reaching the age fifty-five (55) with the benefits provided under this section.

. . . .

(3)  However, a mayor who has served as an elected official or employee of that city prior to or after the person's service as mayor shall count his or her service as an elected official or employee of that city towards the mayor's retirement as follows:

(A)(i)  At the rate of one (1) year of a mayor's retirement for each two (2) years served as an elected official or an employee of that city up to a maximum of an additional (2) years' credit towards a mayor's retirement benefit;

(ii)  If authorized by a city ordinance, at the rate of one (1) year of a mayor's retirement benefit for each two (2) years served as an elected official or an employee of that city up to a maximum of three (3) additional years' credit towards a mayor's retirement benefit if the person has not fewer than twenty (20) years of mayor's credit and is at least fifty-two (52) years of age;  or

(iii)  If authorized by a city ordinance, at the rate of one (1) year of a mayor's retirement benefit for each two (2) years served as an elected official or an employee of that city up to a maximum of four (4) additional years' credit towards a mayor's retirement benefit if the person has not fewer than twenty (20) years of mayor's credit and is at least fifty-four (54) years of age;  and

(B)  Service as an elected official or as an employee of the city that is also covered under another retirement plan offered by the city or that is covered by another benefit provided for by law shall not be applied towards the mayor's retirement benefits provided for under this section.

Ark. Code Ann. § 24-12-123(a)(1) and (a)(3) (Supp. 2007).

In 2005, the General Assembly enacted additional legislation to allow a mayor who is forced from office before reaching ten years of service due to the merger of two or more cities to meet the ten-year minimum service requirement. That statute reads:

> (b)(1) Any mayor who is forced from office because of a merger of two (2) or more municipalities under this subchapter is presumed to meet the minimum service period under § 24-12-123.
>
> (2) If the mayor who is forced from office has less than ten (10) years of actual service as mayor, then he or she is entitled to a prorated retirement benefit in an amount equal to the percentage of the mayor's actual amount of service divided by the minimum ten (10) years of service required under § 24-12-123.

Ark. Code Ann. § 14-40-1208(b) (Supp. 2007).

Weaver served as the mayor of West Helena for a period of seven years, and he conceded to the circuit court that he had not yet reached the age of sixty at that time.[1] Weaver argued, however, and the circuit court agreed, that he was entitled to retirement benefits pursuant to Ordinance 4B, which was enacted by the West Helena City Council in 2005. That ordinance provides:

> SECTION 1: Any Mayor who is forced from office because of a merger of two (2) or more municipalities is presumed to meet the minimum service period under 24-12-123.
>
> SECTION 2: If the Mayor who is forced from office has at least ten (10) years of actual service as Mayor or who has served in another capacity with the same city may apply all years served in that previous capacity toward the retirement if approved by the Council. Then he or she is entitled to a monthly sum equal to (½) of the monthly salary received by he or she [sic] during the last proceeding year of service. The retirement pay shall be paid by the city from its general fund.

Weaver contended before the circuit court that pursuant to this ordinance, he was authorized to add his prior twenty-one years of service as a firefighter for the City of West Helena to his

---

[1] He indicated that he was fifty-six at the time of the hearing on August 9, 2007.

years of service as mayor, which, under Ark. Code Ann. § 24-12-123(a)(1)(A), would entitle him to retirement benefits regardless of his age. The City, on the other hand, argued to the circuit court and now argues to this court that Section 2 of Ordinance 4B is in direct conflict with § 24-12-123(a)(3), which dictates how a mayor's previous service as an elected official or city employee may be credited towards his or her retirement. As such, the City claims that Section 2 of Ordinance 4B is invalid[2] and that Weaver is not currently entitled to retirement benefits under the statutes.

Article 12, § 4 of the Arkansas Constitution reads that "[n]o municipal corporation shall be authorized to pass any laws contrary to the general laws of the state . . . ." Indeed, this court has said that "[m]unicipal corporations are creatures of the legislature and as such have only the power bestowed upon them by statute or the Arkansas Constitution." *White County v. Cities of Judsonia, Kensett, and Pangburn*, 369 Ark. 151, 155, 251 S.W.3d 275, 279 (2007). City ordinances that are in conflict with state statutes are void under the Arkansas Constitution. *See Calabria v. City of Fayetteville*, 277 Ark. 489, 644 S.W.2d 249 (1982) (remanding case and instructing circuit court to disregard portions of ordinance that conflict with state statute); *City of Piggott v. Eblen*, 236 Ark. 390, 366 S.W.2d 192 (1963) (state statutes are paramount and supreme and preempt city ordinances); *Shipley Baking Co. v. City of Hartford*, 182 Ark. 503, 31 S.W.2d 944 (1930) (city ordinances inconsistent with state statutes are of no effect unless specifically authorized by the legislature); *City of Morrilton v. Comes*, 75 Ark. 458, 87 S.W. 1024 (1905) (citing Article 12, § 4 of the Arkansas Constitution and holding that ordinances contrary to state statutes are void).

In the case at hand, § 24-12-123(a)(3) controls the manner in which a mayor's previous years of service as a former elected official or employee of the city may be added to his or her years of service as a mayor for retirement benefit purposes. More specifically, § 24-12-123(a)(3)(A) provides the formula to be used in calculating the proper number of years to be credited. Pursuant to § 24-12-123(a)(3)(A)(i), two years is the maximum number of years that may be credited towards a mayor's retirement benefit absent a city ordinance to the contrary. Subsections (a)(3)(A)(ii)

---

[2] Weaver argued to the circuit court that the City should not be able to challenge the constitutionality or validity of its own legislation. However, the issue is not before this court, as Weaver has failed to file an appellate brief and raise the issue on appeal.

and (a)(3)(A)(iii) allow a city council, by ordinance, to credit three or four years of service towards the mayor's retirement benefit, if the mayor has at least twenty years of mayor's credit and meets certain age requirements. Section 24-12-123(a)(3)(B) specifically states that previous years of service may not be credited if that service is covered under another retirement plan. By comparison, Section 2 of Ordinance 4B provides that a mayor may apply all years of previous service towards his or her retirement benefit. Hence, it is obvious that Section 2 of Ordinance 4B is in direct conflict with both §§ 24-12-123(a)(3)(A) and 24-12-123(a)(3)(B).

Weaver conceded to the circuit court that he is currently receiving retirement benefits based on his service as a firefighter, and under § 24-12-123(a)(3)(B), those years of service may not be credited towards his retirement benefits as mayor. In addition, § 14-40-1208(b)(1) does not help Weaver even if we assume that § 14-40-1208(b)(1) amends § 24-12-123(a) regarding minimum years of service. The reason is that he has yet to reach the age of sixty, which is also required by § 24-12-123(a), and the Helena-West Helena City Council has not enacted an ordinance that would allow a former mayor to receive retirement benefits at the age of fifty-five, as permitted by § 24-12-123(a)(1)(B).

In sum, Ordinance 4B cannot override the requirements of § 24-12-123 because Article 12, § 4 of the Arkansas Constitution states that municipal corporations shall not be authorized to pass laws contrary to the general laws of the state. Based on this analysis, we hold that the circuit court erred in finding that Weaver was currently entitled to retirement benefits and by granting Weaver's petition for a writ of mandamus. For this reason, we reverse the issuance of the writ of mandamus and dismiss the case.

Because we reverse on this ground, it is unnecessary for this court to address the City's remaining points for reversal.

Reversed and Dismissed.