ROBIN F. WYNNE, Associate Justice
Appellants Protect Fayetteville f/k/a Repeal 119; Paul Sagan; Peter Tonnesson; and Paul Phaneuf and intervenor the State of Arkansas appeal from an order of the circuit court denying their motion for a preliminary injunction enjoining enforcement of an ordinance passed by the City of Fayetteville. This court decided a previous appeal in this case in Protect Fayetteville v. City of Fayetteville , 2017 Ark. 49, 510 S.W.3d 258. Because the actions of the circuit court on remand following the prior appeal exceeded its jurisdiction, we reverse the circuit court's order denying the *479 motion for preliminary injunction and dismiss the action in its entirety.
On February 24, 2015, the Arkansas General Assembly passed Act 137 of 2015, which is codified at Arkansas Code Annotated sections 14-1-401 to -403 (Supp. 2017). Act 137 prohibits a county, municipality, or other political subdivision of the state from adopting or enforcing an ordinance, resolution, rule, or policy that creates a protected classification or prohibits discrimination on a basis not contained in state law. Act 137 was passed without an emergency clause and became effective on July 22, 2015. On June 16, 2015, the Fayetteville City Council passed Ordinance 5781, which extended existing protections against discrimination to lesbian, gay, bisexual, and transgender citizens and visitors.
Appellants filed a complaint and motion for declaratory judgment in which they sought a declaration that Ordinance 5781 violates Act 137 and to enjoin enforcement of Ordinance 5781. The State of Arkansas subsequently moved for and was granted intervenor status. The parties filed cross-motions for summary judgment in the circuit court. The circuit court denied appellants' motion and granted in part and denied in part appellees' motion, finding that Ordinance 5781 did not violate Act 137. An appeal was taken to this court.
On appeal, this court held that the circuit court erred in finding that Ordinance 5781 did not violate Act 137. We reversed and remanded, stating
[Ordinance 5781] violates the plain wording of Act 137 by extending discrimination laws in the City of Fayetteville to include two classifications not previously included under state law. This necessarily creates a nonuniform nondiscrimination law and obligation in the City of Fayetteville that does not exist under state law. It is clear from the statutory language and the Ordinance's language that there is a direct inconsistency between state and municipal law and that the Ordinance is an obstacle to the objectives and purposes set forth in the General Assembly's Act and therefore it cannot stand.
Protect Fayetteville v. City of Fayetteville , 2017 Ark. 49, at 9-10, 510 S.W.3d 258, 263.
At the time the circuit court entered its order on summary judgment, the City of Fayetteville had raised the issue of Act 137's constitutionality as an affirmative defense to appellants' motion for summary judgment; however, no counterclaim challenging the Act's constitutionality was before the circuit court at that time. In the prior appeal, we declined to address the State's argument regarding the constitutionality of the Act, observing that the matter had not been addressed by the circuit court and that issues unresolved by the circuit court are not preserved on appeal. Protect Fayetteville , 2017 Ark. 49, at 10, 510 S.W.3d at 263.
After the mandate was issued in the prior appeal, PFLAG of Northwest Arkansas, Anthony Clark, Noah Meeks, and Liz Petray successfully moved to intervene and filed a counterclaim challenging the constitutionality of Act 137. Appellants and the State filed a motion for preliminary injunction on July 28, 2017, seeking to enjoin enforcement of Ordinance 5781. The circuit court denied the request for an injunction, finding that appellants and the State had demonstrated neither a likelihood of success on the merits nor that they would suffer irreparable harm if the injunction were not granted. This appeal followed.
As stated above, this court held in its 2017 opinion in this case that Ordinance 5781 violates Act 137. Article 12, § 4 of the Arkansas Constitution states that *480 "[n]o municipal corporation shall be authorized to pass any laws contrary to the general laws of the state." Further, we have held that municipal corporations have only the power bestowed on them by statute or the Arkansas Constitution. Municipality of Helena-W. Helena v. Weaver , 374 Ark. 109, 286 S.W.3d 132 (2008). Accordingly, city ordinances that conflict with state statutes are void under the Arkansas Constitution. Id.
At the time the case was remanded to the circuit court, the only claim before the circuit court was appellants' request for a declaratory judgment and injunction. A declaratory judgment is defined as a "binding adjudication that establishes the rights and other legal relations of the parties without providing for or ordering enforcement." Declaratory Judgment , Black's Law Dictionary 971 (10th ed. 2014). Our prior opinion and mandate operate as a binding adjudication that Ordinance 5781 violates Act 137, and appellants' request for an injunction was resolved by Act 137's constitutional supremacy over the ordinance, which renders the ordinance void and therefore unenforceable.
We have stated that "directions by an appellate court to the trial court as expressed by the opinion and mandate must be followed exactly and placed into execution. Indeed, the jurisdiction of the trial court on remand is limited to those directions." Dolphin v. Wilson , 335 Ark. 113, 983 S.W.2d 113 (1998). On remand, the circuit court's jurisdiction was limited to carrying out this court's mandate by issuing an order consistent with this court's opinion. Due to the nature of the complaint, the order would have ended the litigation, as the sole controversy between the parties was conclusively resolved by this court on appeal. Instead of complying with the opinion and mandate, the circuit court permitted PFLAG of Northwest Arkansas, Clark, Meeks, and Petray to intervene and raise a new claim regarding the constitutionality of Act 137. Any proceedings on remand that are contrary to the directions contained in the mandate from the appellate court may be considered null and void. Dolphin, supra.
Because the circuit court exceeded its jurisdiction on remand, its actions following remand are void. The order denying the preliminary injunction is reversed, and, because the sole issue over which the circuit court properly had jurisdiction was conclusively decided by this court in our 2017 opinion, the matter is dismissed in its entirety.
Reversed and dismissed.
Special Justices Hugh Finkelstein and Maureen Hazinski Harrod join in this opinion.
Goodson and Hart, JJ., not participating.